UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBRA KAY, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Civil Action No. 14-cv-14062-IT |
| | * |
| FRIENDLY'S ICE CREAM, LLC, | * |
| | * |
| Defendant. | * |

ORDER

December 23, 2014

TALWANI, D.J.

Plaintiff Debra Kay ("Kay") filed a complaint in Massachusetts state court alleging: (1) age discrimination under Mass. Gen. Laws c. 151B, § 4(1); (2) retaliation; and (3) breach of contract and of the covenant of good faith and fair dealing. See State Ct. Record 13-21 [#6]. Kay did not specify whether her retaliation claim relied on state or federal law. Defendant Friendly's Ice Cream, LLC ("Friendly's") removed the case to federal court on the ground that Kay's claim of retaliation could be construed to allege a federal claim. See State Ct. Record 3-5. Kay filed the instant Motion to Remand [#11], arguing that her complaint stated only a state-law claim for retaliation. See Mem. Supp. Mot. Remand State Ct. 2 [#12]. For the following reasons, Kay's motion is ALLOWED.

Removal based on federal-question jurisdiction, see 28 U.S.C. §§ 1331, 1441, is governed by the "'well-pleaded complaint rule.'" Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id.

Friendly's concedes that Kay's complaint does not cite federal law. Friendly's argues, however, that Kay's state-court complaint references Kay's administrative charge filed with the United States Equal Opportunity Commission ("EEOC"), and that this EEOC charge stated a claim under the federal Age Discrimination in Employment Act of 1967. See State Ct. Record at 13; Def.'s Opp'n Pl.'s Mot. Remand 1-2 [#13]. In support of its argument for removal, Friendly's cites Davoodi v. Austin Indep. Sch. Dist., 755 F.3d 307 (5th Cir. 2014). In Davoodi, the Fifth Circuit ruled that an EEOC charge attached to a plaintiff's pleadings merged into those pleadings under Federal Rule of Civil Procedure 10(c), warranting a finding of federal-question jurisdiction on the ground that the EEOC charge contained federal-law claims. See id. at 310 (citing Fed. R. Civ. P. 10(c)).

The court finds Davoodi's reasoning unpersuasive here. Pursuant to a work-sharing agreement between the Massachusetts Commission Against Discrimination ("MCAD") and the EEOC, "'claims filed with either the MCAD or the EEOC are effectively filed with both agencies.'" Araugjo v. UGL Unicco-Unicco Ops., No. 13-13225, 2014 WL 5242888, at *6 n.4 (D. Mass. Sept. 30, 2014) (quoting Davis v. Lucent Techs., Inc., 251 F.3d 227, 230 n.1 (1st Cir. 2001)). In light of this dual-filing system, administrative charges filed with either agency routinely reference both state and federal law, so as to exhaust both state and federal administrative procedures. Nothing in this administrative-review process, however, requires that a plaintiff pursue both state- and federal-law claims when initiating litigation.

Reading Kay's complaint as Friendly's suggests would have the effect of converting nearly every discrimination claim filed in Massachusetts into a question of federal law. See Mass. Gen. Laws c. 151B, § 5 (requiring exhaustion of MCAD remedies before seeking judicial review); Davis, 251 F.3d at 230 n.1 (explaining that a complaint filed with MCAD is

2

automatically filed with the EEOC).  Such a rule would improperly eradicate a plaintiff's role as "master of [her] claim."  Williams, 482 U.S. at 392.  Reference in a plaintiff's pleadings to an administrative complaint that states a federal-law claim does not create federal-question jurisdiction where the pleadings otherwise do not reference federal law.

Nor is removal proper under the exception to the well-pleaded complaint rule that exists where "vindication of a right under state law necessarily turn[s] on some construction of federal law."  Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 9 (1983).  The availability of a parallel federal-law cause of action does not create federal-question jurisdiction where a wholly state-law claim is available.  Rains v. Criterion Sys., Inc., 80 F.3d 339, 344 (9th Cir. 1996) ("That the same facts could have been the basis for a Title VII claim does not make [the] wrongful termination claim into a federal cause of action."); Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 153 (4th Cir. 1994) ("[I]f a claim is supported not only by a theory establishing federal subject matter jurisdiction but also by an alternative theory which would not establish such jurisdiction, then federal subject matter jurisdiction does not exist.").  Kay's claim for retaliation is cognizable under Massachusetts law without reference to any federal-law question.  See Mass. Gen Laws. ch. 151B, § 4(4).  Accordingly, where Plaintiff has chosen not to rely on federal law for her retaliation claim, federal-question jurisdiction does not exist and removal was inappropriate.

For the above-stated reasons, Kay's Motion to Remand [#11] is ALLOWED.

IT IS SO ORDERED.

December 23, 2014 /s/ Indira Talwani
United States District Judge